UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANIELLE CROSSE,

                      Plaintiff,

                                                      12-cv-01483
      v.                                             (WGY)

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,

                      Defendant.[1]

---

WILLIAM G. YOUNG, United States District Judge[2]

### DECISION and ORDER

I. **INTRODUCTION**

Plaintiff Danielle Crosse ("Crosse") brings this action against Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner" or the "Agency"), seeking the reversal of the Commissioner's determination that Crosse is not entitled to disability insurance benefits pursuant

---

[1] The Commissioner of Social Security was the original named defendant in this matter. Am. Compl., ECF No. 4. On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), she has been substituted as the named defendant. Fed. R. Civ. P. 25(d).

[2] Of the District of Massachusetts, sitting by designation. ECF No. 16.

1

to Title II of the Social Security Act (the "Act"). Am. Compl. ¶ 2, ECF No. 4.

A. **Procedural History**

On April 7, 2010, Crosse filed a Title II application for disability insurance benefits, alleging disability beginning July 31, 2005 with a last date insured of December 30, 2011. Administrative R. ("Admin. R.") 29, 598, ECF No. 8. The Agency denied Crosse's applications on August 24, 2010, and Crosse subsequently filed a written request for a hearing. Id. That hearing, which Crosse attended, was held on March 14, 2012. Following the hearing, the Administrative Law ("hearing officer") denied her application on May 25, 2012. Id. at 39. Crosse appealed to the Agency's Appeals Council, which denied her claim on August 6, 2012. Admin. R. 11. Crosse filed her original complaint with the district court on September 28, 2012. Compl., ECF No. 1. After receiving and reviewing new evidence that post-dated the hearing officer's decision, the Appeals Council reconsidered its August 2012 decision but again denied Crosse's claim on October 9, 2012. Admin. R. 6. Crosse filed an amended complaint with the district court on October 16, 2012. Am. Compl., ECF No. 4. After the Commissioner produced the administrative record, Crosse filed her brief on April 19, 2013. Pl.'s Br. Pursuant Gen. Order No. 18 ("Pl.'s Br."), ECF No. 15. The Commissioner opposed on May 31, 2013.

Def.'s Br. Pursuant Gen. Order No. 18 ("Def.'s Br."), ECF No. 16.

B. **Factual History**

The bulk of the factual background at issue in this case is not relevant to this opinion. For the sake of concision, and in order to protect the privacy of the parties as much as possible, this Court summarizes only those facts necessary to understand the legal issues involved.

Crosse, who was 44 years old at the date of the 2012 hearing, attended school through eleventh grade, though she did not finish high school. Admin. R. 599, 600. She subsequently obtained certification as a licensed practical nurse and later graduated from massage school. Admin. R. 332, 600. She worked as a horse groomer in 2004 and a licensed practical nurse up until 2005. She then attended massage school, and following her graduation in 2007, she owned her own massage business for a short time. She subsequently worked as a bookkeeper for her son's construction business in 2008. Pl.'s Br. 8.

Crosse lives with her husband. Pl.'s Br. 8. She has two grown children, neither of whom live with her. Admin. R. 599. At the hearing, Crosse reported suffering from severe depression, anxiety, bipolar disorder, panic disorder, and personality disorder. Admin. R. 598.

## II. LEGAL STANDARDS

### A. Standard of Review

As this Court recently summarized:

> A district court reviewing a decision of the Commissioner to deny social security disability benefits must make two inquiries. The court must first determine whether the Commissioner applied the correct legal standards to an application for benefits and then must decide whether the Commissioner's findings of fact are supported by substantial evidence.

Walsh v. Colvin, No. 12-cv-00933 (WGY), 2014 WL 1239117, at *6 (N.D.N.Y. Mar. 25, 2014) (citing Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009)). Substantial evidence, in turn, is a permissive standard, requiring only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal citation and quotation marks omitted); see also Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (observing that substantial evidence is "a very deferential standard of review – even more so than the 'clearly erroneous' standard").

The reviewing court must, however, be conscious of the fact that both the legal and factual inquiries must be satisfied: "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards, even if the ultimate decision may be arguably supported by substantial evidence, the Commissioner's decision may not be affirmed."

Walsh, 2014 WL 1239117, at *7 (quoting Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (Hurd, J.)) (internal quotation marks omitted); see also Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

### B. Disability Standard

In order to determine whether an applicant is disabled under the meaning of the Act, the Social Security Administration regulations lay out a five-step process the hearing officer must use. As the Second Circuit summarized, they are:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

McIntyre v. Colvin, 758 F.3d 146, 150 (2d Cir. 2014). The claimant bears the burden of proof on the first four steps, and the agency bears the burden on the final step. Id.

### III. THE HEARING OFFICER'S DECISION

In his decision, the hearing officer applied the five-step framework discussed above. First, he concluded that Crosse had not engaged in substantial gainful activity during the relevant time period. Admin. R. 31. Second, he concluded that Crosse

5

had the following severe impairments: affective disorder/major depression; mood disorder; anxiety disorder; post traumatic stress disorder; migraine headaches; mild degenerative disc disease in the lumbar spine; and post-conclusive trauma. Admin. R. 31.

Third, the hearing officer determined that Crosse's impairments did not meet or medically equal an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Admin. R. 31-32. In so doing, he first considered listing 1.04 for disorders of the spine, but determined that the severity of Crosse's impairment did not meet the listing. Admin. R. 32. Next, he considered whether Crosse's mental impairments, considered singly and in combination, met or medically equaled the criteria of listings 12.02, 12.04, and 12.06. Admin. R. 32. The hearing officer determined that Crosse had moderate restrictions in her daily living, mild difficulties in social functioning, moderate difficulties with concentration, persistence, or pace, and one episode of decompensation. Admin. R. 32. The hearing officer concluded that Crosse's mental impairments did not meet the "paragraph B" criteria. Admin. R. 33. The hearing officer also considered "paragraph C" criteria, but concluded that the evidence failed

to meet the standards articulated in "paragraph C." Admin. R. 33.

At step four, the hearing officer concluded that Crosse had, through the date last insured,

> the residual functional capacity to perform light work. . . except that she must avoid more than a moderate level of noise and have only occasional exposure to hazards. She is limited to unskilled work in a lower stress environment with only occasional changes in the work setting and with no fast paced, "assembly line" pace. She is limited to only occasional use of judgment and decision-making, only occasional interaction with the public, and no team work interaction with co-workers. She requires up to three additional short, less-than-five-minute breaks each day.

Admin. R. 33. In so doing, he considered Crosse's own testimony, as well as the conclusions of several professionals: Dr. Richard Holub, M.D., a neurologist; Dr. Krista Damann, Ph.D., a clinical psychologist; and Dr. Lauren Hoffman, Ph. D., a clinical psychologist. Admin. R. 35-36. The hearing officer ultimately concluded that although Crosse had limitations, "through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity," Crosse was not disabled at any time from July 31, 2005 through December 30, 2011. Admin. R. 38. With the assistance of a vocational expert, the hearing officer concluded at step five that there were significant numbers of jobs in the national economy that Crosse was able to perform. Admin R. 38.

## IV. ANALYSIS

Crosse argues that the Commissioner's determination that she is not disabled is not supported by substantial evidence of record. Specifically, Crosse argues that the Commissioner erred by (1) making an improper severity determination; (2) failing to assess the opinions of treating and examining physicians properly; and (3) improperly rejecting Crosse's credibility. Pl.'s Br. 1.

The Court agrees with Crosse on the second point, and more specifically, holds that the Appeals Council improperly failed to consider the opinion of Crosse's treating physician, Dr. Izzo. In this opinion, which evaluated Crosse's residual functional capacity, Dr. Izzo more or less concluded that although Crosse might be able to perform certain job functions adequately, her severe depression, which had lasted since at least April 1, 2009, would cause Crosse to miss work days. Admin. R. 590-593. As Crosse's treating physician, Dr. Izzo's opinion was entitled to the weight of the treating physician rule, which the Appeals Council failed to apply. The Court therefore remands this case so the Commissioner may consider Dr. Izzo's opinion under the treating physician rule. Because the Court rules that this ground alone warrants a remand, the Court need not address Crosse's other arguments.

## A. The Treating Physician Rule

When considering an applicant's symptoms, Social Security Administration regulations require the hearing officer give "[c]ontrolling weight . . . to a treating source's opinion on the nature and severity of a claimant's impairments where it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'" Blasco v. Comm'r of Soc. Sec., No. 5:13-cv-576 (GLS), 2014 WL 3778997, at *5 (N.D.N.Y. July 31, 2014) (Sharpe, C.J.) (quoting 20 C.F.R. § 404.1527(c)(2) (2012)). If the hearing officer "refuses to give controlling weight" to such a medical opinion, he still "must consider various 'factors' in deciding how much weight to give the opinion," Petrie v. Astrue, 412 F. App'x 401, 406 (2d Cir. 2011), and must give "good reasons" for the relative weight given to the treating source's views, Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004).[3]

---

[3] This Court has already commented on the rigor with which the Second Circuit applies the treating physician rule as compared to the First Circuit. See Sastre v. Astrue, 870 F. Supp. 2d 267, 275 n. 2 (D. Mass. 2012); Coggon v. Barnhart, 354 F. Supp. 2d 40, 51 n. 5 (D. Mass 2005). A recent research paper points out rather striking inconsistencies in Appeals Council reversal rates among district judges themselves and from the government's decision to appeal, as among various circuits. Jonah J. Horwitz, Social Insecurity: A Modest Proposal for Remedying Federal District Court Inconsistency in Social Security Cases, 34 Pace L. Rev. 30, 46-51 (2014). Such inconsistencies are, and should be, especially troubling. See generally Frederick Schauer, Foreword: The Court's Agenda, and the Nation's, 120 Harv. L. Rev. 4 (2006) (noting throughout the discrepancy between the importance Americans place on the Social Security program and the attention it receives at the Supreme Court).

The Appeals Council failed to apply the treating physician rule to Dr. Izzo's opinion. The Appeals Council stated that Dr. Izzo's opinion was not relevant because the hearing officer decided Crosse's case through December 30, 2011, and Dr. Izzo's opinion was dated July 2, 2012. Admin. R. 7. The Appeals Council, however, failed to account for the fact that Dr. Izzo's opinion stated that Crosse's limitations had been consistent since April 1, 2009. Admin. R. 593. Under these circumstances, a remand is warranted so the Commissioner can determine, consistent with the treating physician rule, whether she should modify or affirm her prior decision. Id., at * 3.

**B.   Timeliness of Treating Physician Opinion**

Dr. Izzo's 2012 opinion post-dated the hearing officer's decision. Admin. R. 39, 593. It is therefore not surprising that the hearing officer did not mention this opinion in his decision. The Appeals Council, however, did have access to Dr. Izzo's 2012 opinion, as noted in its October 2012 denial of review of Crosse's claim of disability. Admin. R. 7.

The treating physician rule is no less applicable because Dr. Izzo's opinion post-dated the hearing. Under the framework laid out in Donaldson-Rudd v. Astrue, No. 0308-CV-01626CFDTPS, 2009 WL 2148297, at *1 (D. Conn. July 17, 2009), "a district court may remand a final decision of the Commissioner and order the Commissioner to consider additional evidence" if the

evidence is material and "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Id., citing 42 U.S.C. § 405(g). Under Second Circuit case law, to warrant a remand, the plaintiff must demonstrate (1) that the evidence is new (meaning that it is not merely cumulative); (2) that the evidence is material (meaning that it presents a reasonable possibility that it would have influenced the Commissioner to decide the case differently); and (3) that there is good cause for claimant's failure to present the evidence earlier. Id. (citing Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991)).

This Court concludes that all three factors are met. First, Crosse's submission of an opinion from her treating physician after the hearing clearly constitutes "new" evidence. Second, the Court concludes that the opinion is material, in that it may have caused the hearing officer to decide the case differently. After all, the evaluation reflects Crosse's treating physician's opinion that the claimant's depression would affect her attendance at work. Admin. R. 590-593. Lastly, there is good cause for Crosse's failure to present the evidence at an earlier date: Dr. Izzo signed the opinion after the administrative hearing, so the claimant could not have presented the evidence at or before that time. The Appeals

Council should have considered the substance of Dr. Izzo's opinion.

C. **Counsel for the Commissioner May Not Retroactively Justify the Commissioner's Analysis**

The Commissioner does not dispute that Dr. Izzo was Crosse's treating physician, nor does the Commissioner argue that the opinion was untimely. Def.'s Br. 13. The Commissioner instead argues that the opinion "did not provide a basis for changing the [hearing officer's] decision." Def.'s Br. 13. It is not, however, the Commissioner's prerogative at this juncture to offer a post hoc justification for its failure to consider properly an opinion under the treating physician rule. Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's post hoc rationalizations for agency action" vis a vis a treating physician's opinion). The Commissioner must weigh the opinion under the treating physician rule.

V. **CONCLUSION**

For the aforementioned reasons, the decision of the Commissioner is REMANDED for proceedings consistent with this opinion.

**SO ORDERED.**

Dated: December 19, 2014

/s/ William G. Young

12

WILLIAM G. YOUNG
DISTRICT JUDGE